NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITO CASTELLON,<br><br>  Petitioner,<br><br> vs.<br><br>VINCENT S. CULLEN,<br><br>  Respondent. | No. C 10-02891 JF (PR)<br><br>ORDER OF DISMISSAL; DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*<br><br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Petitioner filed a motion for leave to proceed in forma pauperis, (Docket No. 2).

**STATEMENT**

According to the petitioner, Petitioner was found guilty by the trial court in Santa Clara County Superior Court of "disturbing the peace," "drunk and disorderly conduct," and "drunk in public." (Pet. 6.) Petitioner was sentenced to 9 months in state prison on January 20, 2010. (Id. at 7.) Petitioner filed the instant federal habeas petition on June 30, 2010.

**DISCUSSION**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b)-(c). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. Duckworth v. Serrano, 454 U.S. 1, 3-5 (1981). Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this court. See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. See id. at 510; Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir. 1988).

It is clear from the petition that Petitioner has not exhausted state judicial remedies by either filing direct appeals or pursuing collateral challenges. (Pet. at 6-7.) Petitioner has not presented the state high court a fair opportunity to rule on the merits of the claims he raises in the instant petition. Accordingly, the instant petition must be dismissed for failure to exhaust state court remedies.

**CONCLUSION**

The instant petition is DISMISSED for failure to exhaust state court remedies. See Rose v. Lundy, 455 U.S. at 510. This dismissal is without prejudice to petitioner's returning to federal court after exhausting his state court remedies.

1  Petitioner's motion to proceed in forma pauperis, (Docket No. 2), is DENIED
2  because Petitioner has not shown an adequate level of poverty as the average monthly
3  balance in his account was $120.00, for the six-months preceding the filing of this
4  petition. (See Docket No. 4.)

5  This order terminates Docket No. 2.

6  IT IS SO ORDERED.

7  DATED: __10/25/10_____

JEREMY FOGEL
United States District Judge

Order of Dismissal; Denying IFP
P:\PRO-SE\SJ.JF\HC.10\Castellon02891_dism-exh.wpd         3

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARGARITO CASTELLON, | ) | No. C 10-02891 JF (PR) |
| Petitioner, | ) | JUDGMENT |
| vs. | ) | |
| VINCENT S. CULLEN, | ) | |
| Respondent. | ) | |

The Court has dismissed this petition for a writ of habeas corpus without prejudice for failure to exhaust state court remedies. Judgment is entered accordingly.

IT IS SO ORDERED.

DATED: 10/25/10

JEREMY FOGEL
United States District Judge

Judgment
P:\PRO-SE\SJ.JF\HC.10\Castellon02891_judgment.wpd

1